UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAUDE D. COLLINS                           CIVIL ACTION

VERSUS                                      NO.  07-8220

JUDGE DRAKE, 21st JUDICIARY                 SECTION "K"(5)
COURTHOUSE, (PCDA) TOM FRISON,
AGIEL MONASTER, TANGIPOHOA PARISH
JAIL LIEUTENANT, TANGIPAHOA PARISH
JAIL WARDEN, HAMMOND DET.

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    FACTUAL SUMMARY

      A.    THE COMPLAINT

      The plaintiff, Claude D. Collins, is presently housed in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[1]

_____

[1]See Rec. Doc. Nos. 14, 17.

Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, he filed this pro se and in forma pauperis complaint against the defendants, Judge E. Drake, the 21st Judiciary Courthouse, Public Defender Tom Frison, Assistant District Attorney Agiel Monaster, Tangipahoa Parish Jail Warden Randy Pinion, Lieutenant B. Pinion at the Tangipahoa Parish Jail, and three unknown City of Hammond police detectives, seeking damages for alleged violations of his constitutional rights.

In his complaint, under a broad reading, Collins alleges the following facts and claims against the defendants. In 2004, while with a caucasian woman, he was stopped for no reason by police officers in Hammond. Although he had no outstanding warrants and no drugs were found on him, the officers arrested him because they found drugs three blocks away. He went to drug court in December of 2004 and was sent to a "Start Program." He states that he was released from the program in April 2005 and placed back in jail. He later was released from jail in September 2005.

Collins claims that the same officers from the 2004 incident placed fabricated charges against him in 2007. He alleges that, in August of 2007, the officers called his telephone asking to buy "weed," presumably marijuana. He told them he did not have any. When he left his apartment, the officers were there and they arrested him for possession of eight grams of marijuana, and seized $522 in cash. He claims that he did not have drugs in his

possession and the officers took $246.  He also claims that two other officers searched his father's apartment without a warrant. They found nine bags containing 11 ounces of marijuana.

Collins seeks the return of his money taken by the officers at the time of his arrest.  He also seeks relief from the false arrest and his release from prison.  He states that the officers need to be removed from their jobs.  He also suggests that the officers "need to make sure my family well tak[e]n care of under oa[th] by law.  Also make sure I get what I need and want by law."[2]

## B.   THE AMENDED COMPLAINT

On February 12, 2008, Collins filed an amended complaint in which he requests that he be released from prison or transferred to a better facility.  He claims that he was imprisoned due to corruption in the Tangipahoa Parish court system and the district attorney's office, referred to as "PCDA."  He seeks monetary damages from the State of Louisiana and the state court for the time he spent in prison.

---

[2]Rec. Doc. No. 6, p. 5¶V.  Collins mentions an unrelated §1983 case, Civ. Action No. 06-0895"S"(4), which was pending here in when this complaint was filed.  In that suit, he sought damages after a fight with other inmates and for denial of medical care.  The case was dismissed by the Court as frivolous and the appeal was dismissed by the United States Fifth Circuit Court of Appeals for lack of jurisdiction.  Civ. Action No. 06-0895"S"(4), Rec. Doc. Nos. 33, 36, 37, 43.

## C. **THE STATUS CONFERENCE**[3]

At a telephone conference held on February 15, 2008, the plaintiff stated that he is in jail on pending charges having to do with possession of marijuana. Collins contended that these charges were fabricated by the police. He also claimed to have been sentenced on October 23, 2007, on charges for which he was never convicted.

Collins named Judge Drake as the judge presiding over his criminal case and the prosecutor, Angela Monaster. He also stated that he sued Tom Frison, his public defender, but acknowledged to the Court that he should not be a defendant.

Collins further alleged that he named as defendants Warden Pinion of the Tangipahoa Parish Jail and his son, Brandon Pinion, because they told him that they did not know why he was currently incarcerated.

He also stated that he intended to name as defendants three Hammond police detectives, known to him only as "Rodney", "Brady" and "Melvin", because they have been arresting him since 2004. He also contends that, at the time of his last arrest, these officers robbed him of $500.

---

[3]Rec. Doc. No. 13. Pursuant to <u>Spears v. McCotter</u> 766 F.2d 179 (5th Cir. 1985), the Court can hold a hearing to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. <u>Spears</u>, 766 F.2d at 180. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). <u>Wilson v. Barrientos</u>, 926 F.2d 480, 481 (5th Cir. 1991).

At the close of the conference, the Court directed Collins to provide the full names of the three Hammond police detectives in order to proceed with the case. Collins filed a response on February 25, 2008, in which he informed the Court that "Michael Thompson had the name of Melvin."[4] Under a liberal construction, it appears that someone named Michael Thompson provided him with the officers name, Obie Melvin, possibly Obie Melvin, Jr.[5] He could only identify the other officers as being "not over age 35."[6] He indicated that "the Hmd. Det. can give you yall [sic] the names get from Hmd. Police Dept."[7]

## II.  <u>STANDARDS OF REVIEW</u>

An <u>in</u> <u>forma</u> <u>pauperis</u> complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §1915(e)(2).  The Court has broad discretion in determining the frivolous nature of the complaint.  <u>See</u> <u>Cay v. Estelle</u>, 789 F.2d 318 (5th Cir. 1986), <u>modified on other grounds by</u> <u>Booker v. Koonce</u>,

---

[4]Rec. Doc. No. 15, p. 1.

[5]<u>Id</u>.  Above the name Melvin, he wrote "2 Obie" and "Obie Jr."  Below the name Melvin, he wrote "last name."

[6]<u>Id</u>.  In his later filed pleadings, Rec. Doc. Nos. 16 and 17, Collins did not provide any further information on the Hammond police officers.

[7]<u>Id</u>.

2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>see</u> <u>also</u> <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); <u>Booker</u>, 2 F.3d at 116.

## III. <u>CLAIMS AGAINST IMPROPER DEFENDANTS</u>

### A. <u>THE 21st JUDICIAL DISTRICT COURT</u>

Collins named the 21st Judicial District Court for Tangipahoa Parish as a party to this lawsuit. To the extent he is attempting to assert a §1983 claim against the court, it is not a proper party and the claims, if any, against it are frivolous.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed. R. Civ. P. 17(b).

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the state court is a suable entity. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under these guidelines, the Louisiana state courts are not suable juridical entities. <u>Moity v. La. State Bar Ass'n</u>, 414 F. Supp. 180, 182 (E.D. La. 1976); <u>accord</u> <u>Bellow v. Charbonnet</u>, No. 98-3212, 1999 WL 203740 at *1 (E.D. La. April 7, 1999) (judicial expense fund for the Orleans Parish Civil District Court did not have procedural capacity to sue or be sued under Louisiana law); <u>see also</u>, <u>Mumford v. Basinski</u>, 105 F.3d 264, 267 (6th Cir. 1997); <u>Harris v. Champion</u>, 51 F.3d 901, 905 (10th Cir. 1995); <u>Clark v. Clark</u>, 984 F.2d 272 (8th Cir. 1993); <u>Ward v. Morris</u>, 895 F. Supp. 116, 117 (N.D. Miss. 1995). The claims against the state court should be dismissed as legally frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

**B.    <u>TANGIPAHOA PARISH JAIL</u>**

Although it is not clear from the complaint, the docket sheet indicates that Collins has also named as a defendant the Tangipahoa Parish Jail. Under the considerations of Fed. R. Civ. P. 17(b) and

La. Civ. Code art. 24, set forth above, the Tangipahoa Parish Jail is not a suable entity.

Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute. <u>Cullen v. DuPage County</u>, No. 99-C-1296, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); <u>Whitley v. Westchester County Correctional Facility Admin.</u>, No. 97-CIV-0420(SS), 1997 WL 659100 at *6 (S.D.N.Y. Oct. 22, 1997); <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993); <u>Hancock v. Washtenaw County Prosecutor's Office</u>, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

Although Louisiana courts have not ruled on the issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in <u>Roberts v. Sewerage and Water Board of New Orleans</u>, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in <u>Roberts</u> stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, §2.18 and authorities cited therein, §§2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

8

Roberts, 634 So.2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the Roberts Court focused its analysis on the independent management, financing, and operations of the Board. See Id., at 352.

By contrast, in City Council of Lafayette v. Bowen, 649 So.2d 611, 616 (La. App. 3rd Cir. 1994), writ denied, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the Roberts analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." Bowen, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its parish jails. The parish government is charged with its jails' physical maintenance. La. Rev. Stat. Ann. §15:702. However, the duty to administer and operate the jails falls on the sheriff of each parish. La. Rev. Stat. Ann. §15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. Art. 5 §27; see Langley v. City of Monroe, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the Roberts framework, the St. Tammany Parish Jail is not "legally empowered to do" anything independently of either the

parish officials or the parish sheriff.  The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building."  <u>See Jones v. St. Tammany Parish Jail</u>, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); <u>accord</u> <u>Dale v. Bridges</u>, No. 3:96-CV-3088-AH, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued).

Therefore, any claims Collins urges against the Tangipahoa Parish Jail are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e) and §1915A.

### C.   **PUBLIC DEFENDER TOM FRISON**

Collins named his appointed defense attorney, Tom Frison, as a defendant in this case.  At the status conference, he conceded that Frison should not have been named.

As noted above, §1983 grants the right of redress to one whose constitutional rights are violated by a person acting under color of state law.  42 U.S.C. §1983.  Under §1983, Collins must not only prove that a constitutional violation occurred, but also that the defendant's actions were taken under color of state law.  <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978);  <u>Miss. Women's Med. Clinic v. McMillan</u>, 866 F.2d 788, 791 (5th Cir. 1989).  A

person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>Thibodeaux v. Bordelon</u>, 740 F.2d 329, 333 (5th Cir. 1984); <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988).

The United States Supreme Court has held that a public defender is an adversary to the state and is therefore a private actor despite public employment. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). It is well established that neither a privately retained attorney, a court appointed attorney, nor a public defender is a state actor. <u>Pete v. Metcalfe</u>, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing <u>Dennis v. Sparks</u>, 449 U.S. 24 (1980)).

Collins's claims against Frison are based on a meritless legal theory and are subject to dismissal as frivolous, and otherwise for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

### D.   **THE TANGIPAHOA DISTRICT ATTORNEY'S OFFICE**

In his amended complaint, Collins alleges that his imprisonment is based in part on corruption in the Tangipahoa Parish District Attorney's Office. To the extent he seeks relief from this defendant, the District Attorney's Office is not a suable entity and his claims are otherwise frivolous.

Louisiana law does not recognize a district attorney's office as a juridical entity, although a claim may be brought against a

district attorney in his official capacity.  <u>See</u> <u>Riley v.</u>
<u>Evangeline Parish Sheriff's Office</u>, 637 So.2d 395 (La. 1994)
(treating a claim against a sheriff's office as actually one
against the sheriff in his official capacity).  Because the federal
courts generally follow state law on this issue, <u>see</u> Fed. R. Civ.
P. 17(b); <u>Gegenheimer v. Galan</u>, 920 F.2d 307, 310 (5th Cir.1991),
this Court can treat Collins's claim as one seeking monetary
damages against the district attorney in his official capacity.

Collins's claims are, nevertheless, legally frivolous.  Suit
against a prosecutor named in his official capacity is suit against
the entity he represents; in this case, that is Tangipahoa Parish.
<u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466-67 (5th Cir.
1999);[8]  <u>see also</u>, <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985).
The district attorney, as a representative of Tangipahoa Parish,
could be liable under §1983 only if his actions were in execution
of an unconstitutional parish policy or custom which inflicted
injury or damage upon the plaintiff.   <u>Monell v. Dep't of Soc.</u>
<u>Servs.</u>, 436 U.S. 658, 694 (1978).  Collins also would have to
allege not merely that such an unconstitutional policy or custom
exists, but that it was the proximate cause of his injury or
damage.  <u>See</u> <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 122-

---

[8]In <u>Burge</u>, the Fifth Circuit made clear that in Louisiana, a district
attorney is not entitled to Eleventh Amendment Immunity afforded to the
State.  Instead, the district attorney is a functionary of the local parish
government, whose liability is to be addressed under <u>Monell</u>, discussed <u>infra</u>.
<u>Id</u>.

24 (1992); <u>Berry v. McLemore</u>, 670 F.2d 30, 33-34 (5th Cir. 1982), <u>overruled on other grounds</u>, <u>Int'l Woodworkers of Am. v. Champion Int'l Corp.</u>, 790 F.2d 1174 (5th Cir. 1986).

Collins, however, has not asserted any particular errors in the prosecution or that any errors would be attributable to a particular unconstitutional policy or custom of Tangipahoa Parish as contemplated by <u>Monell</u>.  His broad and conclusory use of the words corruption and conspiracy are insufficient to state a constitutional violation.  "Although Section 1983 plaintiffs may assert conspiracy claims, a conspiracy by itself is not actionable under section 1983." <u>Pfannstiel v. City of Marion</u>, 918 F.2d 1178, 1187 (5th Cir. 1990), <u>abrogated on other grounds by</u>, <u>Martin v. Thomas</u>, 973 F.2d 449 (5th Cir. 1992).  If there has been no underlying violation of §1983, there can be no actionable conspiracy claim. <u>Kerr v. Lyford</u>, 171 F.3d 330, 341-42 (5th Cir. 1999); <u>Hale v. Townley</u>, 43 F.3d 914, 920 (5th Cir. 1995).  In addition, mere conclusory allegations of conspiracy, absent reference to material facts, cannot constitute grounds for §1983 relief. <u>Rodriguez v. Neeley</u>, 169 F.3d 220, 222 (5th Cir. 1999); <u>Dayse v. Schuldt</u>, 894 F.2d 170, 173 (5th Cir. 1990).  Therefore, Collins's §1983 claims against the Tangipahoa Parish District Attorney's Office are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to  28 U.S.C. §1915(e)(2) and §1915A.

**IV.**   **CLAIMS AGAINST WARDEN PINION AND LIEUTENANT PINION**

Collins also names Warden Pinion, and his son, Lieutenant Pinion as defendants based solely on their alleged inability to tell him why he is imprisoned in the Tangipahoa Parish Jail. Collins's allegation fail to state a claim under §1983.

As discussed above, under §1983, Collins must prove that the state actor violated a constitutional right. <u>Flagg Bros., Inc.</u>, 436 U.S. at 156. Collins has not identified any constitutional wrong by Warden Pinion or Lieutenant Pinion. He has not alleged any intentional indifference to a known risk of harm or other protected right under the constitution. <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 650 (5th Cir. 1996) (a jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate but responded with deliberate indifference to that risk); <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994) ("deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it.").

To the extent either of these defendants should have known the basis for Collins's incarceration, the claim sounds in negligence. However, acts of negligence do not implicate the Due Process Clause or violate the Eighth Amendment to give rise to a claim under

§1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>see also</u> <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Hare</u>, 74 F.3d at 641-42, 646.

Collins's §1983 claims against Warden Pinion and Lieutenant Pinion are based on meritless legal theories and should be dismissed as frivolous, and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e) and §1915A.

**V.    CLAIMS AGAINST THE REMAINING DEFENDANTS**

Collins's claims against the remaining defendants, Judge Drake, Monaster, and the three Hammond police officers, arise out of his allegations of false arrest, of harassment by the arresting officers between 2004 and 2007, and from the ensuing criminal proceedings against him.    He also challenges his current imprisonment and seeks his release.    For the reasons set forth in detail below, Collins's claims are subject to dismissal under the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), because he seeks his release, in addition to the monetary or other relief as a result of his criminal conviction and imprisonment. However, before applying the <u>Heck</u> doctrine, the Court is required to consider any applicable doctrine of absolute immunity.    <u>See</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994); <u>Lawson v. Speetjens</u>, 42 F.3d 642, 642 (5th Cir. 1994).

A.    **ABSOLUTE IMMUNITY**

1.    **JUDGE E. DRAKE**

Collins has named Judge Drake as a defendant in this §1983 civil action because he is the judicial officer presiding over his criminal proceedings for possession of marijuana.  Judge Drake, however, enjoys absolute immunity from suit under §1983.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. See Mireles v. Waco, 502 U.S. 9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter.  Boyd, 31 F.3d at 284.

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings.  Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Id., at 111 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

To the extent Collins seeks injunctive relief against Judge Drake or his orders which led to his confinement, his claims are still frivolous.  The Federal Courts Improvement Act of 1996

("FCIA") amended §1983 itself to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. §1983. Thus, injunctive relief is not available against a judge in his role as a judicial officer individually or in his official capacity. <u>Guerin v. Higgins</u>, 8 Fed. Appx. 31, 2001 WL 363486 (2nd Cir. Apr. 11, 2001); <u>Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.</u>, 83 F. Supp.2d 204, 210 (D. Mass. 2000); <u>accord</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to §1983 would limit the relief available from a judge to declaratory relief). Thus, any injunctive relief Collins may seek against Judge Drake is not available in this §1983 action. <u>See</u> <u>Tesmer v. Granholm</u>, 114 F. Supp.2d 603, 618 (E.D. Mich. 2000); <u>Nollet</u>, 83 F. Supp.2d at 210.

The claims against Judge Drake should be dismissed as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

### 2. **ASSISTANT DISTRICT ATTORNEY AGIEL MONASTER**

Collins also has named Assistant District Attorney Monaster as a defendant. He does not allege any action or inaction against this defendant, other than to state that Monaster was the

prosecutor assigned to his case.  Monaster in that role is immune from suit.

Federal courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).  It is well established that prosecutors are immune from liability under §1983 for actions taken as an advocate in pursuit of a criminal prosecution.  Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by, Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).  This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Cleavinger, 474 U.S. at 200; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Mowbray v. Cameron County, 274 F.3d 269, 277 (5th Cir. 2001).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  "A

prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." <u>Kerr</u>, 171 F.3d at 337 n.10 (quotations omitted) (citing <u>Stump</u>, 435 U.S. at 356-57; <u>Butz v. Economou</u>, 438 U.S. 478, 510 (1978)).

In the instant case, Collins has named Monaster as a defendant because of his or her role in the State's prosecution and trial duties. These acts fall under the protection of absolute prosecutorial immunity. <u>Mowbray</u>, 274 F.3d at 277 (citing <u>Buckley</u>, 509 U.S. at 272-73; <u>Imbler</u>, 424 U.S. at 431 n.33). Therefore, Collins's claims against Monaster must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

### 3. **THE STATE OF LOUISIANA**

In his amended complaint, Collins indicates that he is also seeking monetary damages from the State of Louisiana for his continued incarceration. The State is, however, immune from this type of suit in this Court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. <u>Pennhurst State Sch. and Hosp. v. Halderman</u>, 465 U.S. 89, 98 (1984); <u>Voisin's Oyster House, Inc. v.</u>

_Guidry_, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. _See Edelman v. Jordan_, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); _Welch v. Dep't of Highways_, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State has not expressly waived immunity in this case. In addition, La. Rev. Stat. Ann. §13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Therefore, Collins's claims against the State of Louisiana seeking monetary damages must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

**B.** **THE HECK DOCTRINE**

Collins's remaining claims are urged against the three Hammond Police officers, identified by him as Obie Melvin and Officers Rodney and Brady. Although he has not provided full names for all three, his claims seeking both injunctive relief and monetary damages against these defendants must be dismissed under the doctrine set forth in _Heck_, 512 U.S. at 477. In _Heck_, the Supreme Court held that a civil action for alleged civil rights violations, which attacks the validity of state confinement that has not been reversed, expunged, invalidated or called into question by a

20

federal court's issuance of a writ of habeas corpus, is not cognizable under §1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id</u>., 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

As discussed above, Collins's claims against these officers arise from his allegations of false arrest, which led to his conviction and imprisonment for possession of marijuana. Collins's claims are clearly connected to the validity of his conviction and present confinement. <u>Heck</u>, 512 U.S. at 479; <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1997); <u>Boyd</u>, 31 F.3d at 283.

Based on his allegations, neither his conviction nor his current confinement have been set aside in any of the ways described in <u>Heck</u>. Thus, any §1983 claims Collins has against these police officers concerning his continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being

asserted again until the <u>Heck</u> conditions are met.  <u>Johnson v.</u>
<u>McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996); <u>Cooper v. Quarterman</u>,
No. 207-0161, 2008 WL 954159 at *1 (N.D. Tex. Apr. 3, 2008).

### C.   <u>INAPPROPRIATE RELIEF SOUGHT</u>

Furthermore, as noted previously, Collins requests that this
Court release him from his current confinement.  However, this
civil rights proceeding is not appropriate for pursuing that type
of relief, which is only available through habeas corpus review.
<u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Clarke v. Stalder</u>,
121 F.3d 222, 226 (5th Cir. 1997), <u>reh'g en banc granted and opin.</u>
<u>vacated</u>, 133 F.3d 940 (5th Cir. 1997), <u>rev'd in part on other</u>
<u>grounds and opin. reinstated in relevant part</u>, 154 F.3d 186, 187
(5th Cir. 1998) (en banc); <u>Hernandez v. Spencer</u>, 780 F.2d 504, 504
(5th Cir. 1986).  Collins must pursue his habeas corpus claims and
related relief in a properly filed state post-conviction
application or federal habeas corpus proceeding, if appropriate.
<u>Id</u>.; <u>see</u> <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998)
("A fundamental prerequisite to federal habeas relief under §2254
is the exhaustion of all claims in state court prior to requesting
federal collateral relief.") (citing <u>Rose v. Lundy</u>, 455 U.S. 509,
519-20 (1982)).

Finally, to the extent Collins sought in his amended complaint
a transfer to another facility, this type of relief also is not
available under §1983.  A prisoner has no right of any kind

springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245-46 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976); <u>Taylor v. Jagers</u>, 115 Fed. Appx. 682, 2004 WL 2526373, at *1 (5th Cir. 2004); <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996); <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995).

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Collins's §1983 claims against the defendants, the 21st Judicial District Court, the Tangipahoa Parish Jail, Tom Frison, Warden Pinion, Lieutenant Pinion, and the Tangipahoa Parish District Attorney's Office, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

It is further **RECOMMENDED** that Collins's §1983 claims against Judge Drake, Assistant District Attorney Monaster, and the State of Louisiana, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

It is further **RECOMMENDED** that Collins's §1983 claims against the Hammond police officers, Obie Melvin, Rodney, and Brady, be **DISMISSED WITH PREJUDICE** until such time as the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 29th day of ___January___, 2009.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE