# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CLAUDE D. COLLINS**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO. 07-8220**

**JUDGE DRAKE, ET AL.**                                       **SECTION "K"(5)**

## ORDER AND REASONS

Plaintiff Claude D. Collins, a state prisoner housed at the B.B. Rayburn Correctional Center in Angie, Louisiana, has brought this suit pursuant to 28 U.S.C. § 1983 against the State of Louisiana, Judge E. Drake, the 21st Judicial District Court, the Tangipahoa Parish Jail, Warden Pinion and Lt. Pinion of the Tangipahoa Parish Jail, the Tangipahoa Parish District Attorney's Office, Public Defender Tom Frison, Assistant District Attorney Agiel Monaster, and three Hammond police officers. Plaintiff identifies the officers only as Obie Melvin, Rodney, and Brady. He alleges that these various actors violated his constitutional rights when he was arrested and convicted for possession of marijuana in the 21st Judicial District Court in 2007.

The Court referred Plaintiff's complaint for consideration by Magistrate Judge Alma Chasez under 28 U.S.C. § 636(b)(1)(B) and (C). The magistrate judge granted Plaintiff's petition to proceed *in forma pauperis*, and subsequently considered Plaintiff's complaint and issued a Report and Recommendation. (Rec. Doc. 18). Magistrate Judge Chasez concluded that a significant portion of Plaintiff's claims are legally frivolous, except for those claims against the alleged arresting officers, which she dismissed under the *Heck* doctrine.[1] Plaintiff timely filed

---

[1]The Fifth Circuit recently explained that if a person brings a § 1983 claim that, if he were successful, "would necessarily imply the invalidity of his conviction or sentence," then the

objections, and therefore this Court reviews *de novo*, 29 U.S.C. § 636(b)(1). Plaintiff's

objections are generally nonsensical, but giving them the most liberal reading possible, they

appear to challenge the facts and alleged procedural errors underlying his conviction. His

objections also seem to add allegations against Scott Perrilloux and Debra Clausen, two persons

who are not named defendants, *see* Complaint (Rec. Doc. 1) and Amended Complaint (Rec. Doc.

14), and accordingly these claims are not valid. After having considered the complaint, the

record, the applicable law, the Report and Recommendation of the United States Magistrate

Judge, and objections filed by Plaintiff, it is clear that the Report and Recommendation is

entirely correct as law and fact. Therefore, this Court hereby approves the Report and

Recommendation of the United States Magistrate Judge and adopts it as its opinion in this

matter. However, in light of the fact that the Plaintiff may be able to fulfill the *Heck* factors at a

later date, the magistrate judge's Recommendation will be modified only to dismiss those claims

against the three Hammond police officers without prejudice. Accordingly,

**IT IS ORDERED** that Plaintiff's § 1983 claims against the 21st Judicial District Court,

the Tangipahoa Parish Jail, Tom Frison, Warden Pinion, Lieutenant Pinion, and the Tangipahoa

Parish District Attorney's Office, are **DISMISSED WITH PREJUDICE** as frivolous and

otherwise for failure to state a claim upon which can be granted pursuant to 28 U.S.C. §

1915(e)(2) and § 1915A; and

---

claim is barred "unless he proves that his 'conviction or sentence has been reversed on direct
appeal, expunged by executive order, declared invalid by a state tribunal authorized to make
such determination, or called into question by a federal court's issuance of a writ of habeas
corpus.'" *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), *quoting Heck v. Humphrey*,
512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Hainze v. Richards*, 207 F.3d
795, 798 (5th Cir. 2000).

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Judge Drake, the Assistant District Attorney Monaster, and the State of Louisiana, are **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A; and

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against the Hammond police officers, identified as Obie Melvin, Rodney, and Brady, be **DISMISSED WITHOUT PREJUDICE** until such a time as the *Heck* conditions are met.

New Orleans, Louisiana, this __12th__ day of March, 2009.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**