**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CLAUDE D. COLLINS**                                  **CIVIL ACTION**

**VERSUS**                                             **NO. 07-8220c/w**
                                                       **09-2734**
**JUDGE DRAKE, ET AL.**                                **SECTION "K"(5)**

**PARTIAL REPORT AND RECOMMENDATION**

   This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be partially disposed of without an evidentiary hearing.

**I.   BACKGROUND**

   Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, plaintiff, Claude D. Collins, presently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, filed a <u>pro se</u> and <u>in forma pauperis</u> lawsuit, <u>Collins v. Judge Drake, et al</u>, Civil Action 07-8220 "K"(5), against Judge E. Drake, the 21st Judicial Courthouse, the Tangipahoa Parish District Attorney's Office, Public Defender Tom

Frison, Assistant District Attorney Agiel Monaster, Tangipahoa Parish Jail Warden Randy Pinion, Tangipahoa Parish Jail Lieutenant Brandon Pinion, the Tangipahoa Parish Jail, the State of Louisiana, and three Hammond police officers identified as Obie Melvin and Officers Rodney and Brady. On May 7, 2009, plaintiff's claims against defendants, Judge E. Drake, the 21st Judicial Courthouse, the Tangipahoa Parish District Attorney's Office, Public Defender Tom Frison, Assistant District Attorney Agiel Monaster, Tangipahoa Parish Jail Warden Randy Pinion, Tangipahoa Parish Jail Lieutenant Brandon Pinion, the Tangipahoa Parish Jail, and the State of Louisiana were dismissed with prejudice. (Rec. doc. 29).

Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, plaintiff, Claude D. Collins, still incarcerated in the B.B. "Sixty" Rayburn Correctional Center, filed a second lawsuit, <u>Collins v. State of Louisiana, et al</u>, Civil Action 09-2734 "K"(5), naming as defendants: The State of Louisiana, 21st Judicial Tangipahoa Parish Court, Tangipahoa Parish Judge Ernest G. Drake, Jr., Tangipahoa Parish District Attorney Scott M. Perrilloux, Tangipahoa Parish Assistant District Attorney Angel Monistere, Tangipahoa Parish Public Defender Tom Frierson, and, Hammond Police Officers Obie Melvin, Jr., M. Brady, and Rodney. On May 11, 2009, Civil Actions 07-8220 "K"(5) and 09-2734 "K"(5) were consolidated. (Rec. doc. 30).

## II. **FACTS**

As noted earlier, plaintiff's claims in Civil Action 07-8220 "K"(5) against defendants, Judge Drake, the 21st Judicial Courthouse, the Tangipahoa Parish District Attorney's Office, Public Defender Tom Frison, Assistant District Attorney Agiel Monaster, Tangipahoa Parish Jail Warden Randy Pinion, Tangipahoa Parish Jail Lieutenant Brandon Pinion, the Tangipahoa Parish Jail, and the State of Louisiana, have been dismissed. In his most recent lawsuit, 09-2734 "K"(5), plaintiff sets forth the nebulous allegation that defendants "had a conflict against me of hate", and that he has been harassed by police officers and possibly the district attorney's office and the judge which presided over an action in which plaintiff represented himself. Plaintiff advises that he would "settle" his claim for $1 million.

## III. **STANDARDS OF REVIEW**

An <u>in forma pauperis</u> complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. <u>See</u> <u>Cay v. Estelle</u>, 789 F.2d 318 (5th Cir. 1986), <u>modified on other grounds by</u> <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not

only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>see</u> also <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); <u>Booker</u>, 2 F.3d at 116.

**IV. CLAIMS AGAINST IMPROPER DEFENDANTS**

   **A. THE 21st JUDICIAL TANGIPAHOA PARISH COURT**

Plaintiff named the 21st Judicial District Court for Tangipahoa Parish as a party to this lawsuit. To the extent he is attempting to assert a §1983 claim against the court, it is not a proper party and the claims, if any, against it are frivolous.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed. R. Civ. P. 17(b).

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the state court is a suable entity. Under Louisiana law,

to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under these guidelines, the Louisiana state courts are not suable juridical entities. Moity v. La. State Bar Ass'n, 414 F. Supp. 180, 182 (E.D. La. 1976); accord Bellow v. Charbonnet, No. 98-3212, 1999 WL 203740 at *1 (E.D. La. April 7, 1999) (judicial expense fund for the Orleans Parish Civil District Court did not have procedural capacity to sue or be sued under Louisiana law); see also, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997); Harris v. Champion, 51 F.3d 901, 905 (10th Cir. 1995); Clark v. Clark, 984 F.2d 272 (8th Cir. 1993); Ward v. Morris, 895 F. Supp. 116, 117 (N.D. Miss. 1995). The claims against the state court should be dismissed as legally frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

### B. **PUBLIC DEFENDER TOM FRIERSON**

Plaintiff named his appointed defense attorney, Tom Frierson, as a defendant in this case, but has set forth no factual allegations against Frierson. As noted above, §1983 grants the right of redress to one whose constitutional rights are violated by a person acting under color of state law. 42 U.S.C. §1983. Under §1983, plaintiff must not only prove that a constitutional

5

violation occurred, but also that the defendant's actions were taken under color of state law. <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978); <u>Miss. Women's Med. Clinic v. McMillan</u>, 866 F.2d 788, 791 (5th Cir. 1989). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>Thibodeaux v. Bordelon</u>, 740 F.2d 329, 333 (5th Cir. 1984); <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988).

The United States Supreme Court has held that a public defender is an adversary to the state and is therefore a private actor despite public employment. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). It is well established that neither a privately retained attorney, a court appointed attorney, nor a public defender is a state actor. <u>Pete v. Metcalfe</u>, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing <u>Dennis v. Sparks</u>, 449 U.S. 24 (1980)).

Plaintiff's claims against Frierson are based on a meritless legal theory and are subject to dismissal as frivolous, and otherwise for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

**V.    CLAIMS AGAINST IMMUNE DEFENDANTS**

    **A. JUDGE ERNEST G. DRAKE, JR.**

Plaintiff has named Judge Drake as a defendant in this §1983 civil action. Judge Drake, however, enjoys absolute immunity from suit under §1983.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. See Mireles v. Waco, 502 U.S. 9, 10 (1991). In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id., at 111 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

The claims against Judge Drake should be dismissed as legally frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

### B. TANGIPAHOA PARISH DISTRICT ATTORNEY SCOTT PERRILLOUX AND ASSISTANT DISTRICT ATTORNEY ANGEL MONISTERE

Plaintiff also has named Tangipahoa Parish District Attorney Scott Perrilloux and Assistant District Attorney Angel Monistere as defendants. He does not allege any action or inaction against

these defendants, other than to make reference to the fact that he represented himself at trial and that the "D.A. and judge hate[ed] my intelligence". Both Perrilloux and Monistere, in their roles as trial advocates, are immune from suit.

Federal courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under §1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by, Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Cleavinger, 474 U.S. at 200; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Mowbray v. Cameron County, 274 F.3d 269, 277 (5th Cir. 2001).

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal

8

process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr, 171 F.3d at 337 n.10 (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

In the instant case, plaintiff has named Perrilloux and Monistere as defendants because of their roles in the State's prosecution against him. These acts fall under the protection of absolute prosecutorial immunity. Mowbray, 274 F.3d at 277 (citing Buckley, 509 U.S. at 272-73; Imbler, 424 U.S. at 431 n.33). Therefore, plaintiff's claims against Perrilloux and Monistere must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

### C. THE STATE OF LOUISIANA

Plaintiff has also named the State of Louisiana as a defendant in this action. The State is, however, immune from this type of suit in this Court.

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. Pennhurst State Sch. and Hosp. v.

9

Halderman, 465 U.S. 89, 98 (1984); <u>Voisin's Oyster House, Inc. v. Guidry</u>, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. <u>See Edelman v. Jordan</u>, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); <u>Welch v. Dep't of Highways</u>, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State has not expressly waived immunity in this case. In addition, La. Rev. Stat. Ann. §13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Therefore, plaintiff's claims against the State of Louisiana must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's §1983 claims against the defendants, the 21st Judicial Tangipahoa Parish Court and Tangipahoa Parish Public Defender Tom Frierson, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

It is further **RECOMMENDED** that plaintiff's §1983 claims against Tangipahoa Parish Judge Ernest G. Drake, Jr., Tangipahoa

Parish District Attorney Scott Perrilloux and Assistant District Attorney Angel Monistere, and the State of Louisiana, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. §1915(e)(2) and §1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 10th day of July, 2009.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE