```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CLAUDE D. COLLINS                                CIVIL ACTION

VERSUS                                           NO. 07-8220c/w
                                                     09-2734
JUDGE DRAKE, ET AL.                              SECTION "K"(5)
```

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. BACKGROUND

Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, plaintiff, Claude D. Collins, presently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, filed a pro se and in forma pauperis lawsuit, Collins v. Judge Drake, et al, Civil Action 07-8220 "K"(5), against Judge E. Drake, the 21st Judicial Courthouse, the Tangipahoa Parish District Attorney's Office, Public Defender Tom

Frison, Assistant District Attorney Agiel Monaster, Tangipahoa Parish Jail Warden Randy Pinion, Tangipahoa Parish Jail Lieutenant Brandon Pinion, the Tangipahoa Parish Jail, the State of Louisiana, and three Hammond police officers identified as Obie Melvin and Officers Rodney and Brady. On May 7, 2009, plaintiff's claims against defendants, Judge E. Drake, the 21st Judicial Courthouse, the Tangipahoa Parish District Attorney's Office, Public Defender Tom Frison, Assistant District Attorney Agiel Monaster, Tangipahoa Parish Jail Warden Randy Pinion, Tangipahoa Parish Jail Lieutenant Brandon Pinion, the Tangipahoa Parish Jail, and the State of Louisiana were dismissed with prejudice. (Rec. doc. 29).

Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, plaintiff, Claude D. Collins, still incarcerated in the B.B. "Sixty" Rayburn Correctional Center, filed a second lawsuit, <u>Collins v. State of Louisiana, et al</u>, Civil Action 09-2734 "K"(5), naming as defendants: The State of Louisiana, 21st Judicial Tangipahoa Parish Court, Tangipahoa Parish Judge Ernest G. Drake, Jr., Tangipahoa Parish District Attorney Scott M. Perrilloux, Tangipahoa Parish Assistant District Attorney Angel Monistere, Tangipahoa Parish Public Defender Tom Frierson, and, Hammond Police Officers Obie Melvin, Jr., M. Brady, and Rodney. On May 11, 2009, Civil Actions 07-8220 "K"(5) and 09-2734 "K"(5) were consolidated. (Rec. doc. 30). On September 1, 2009, plaintiff's claims against defendants, the State of Louisiana, 21st

Judicial Tangipahoa Parish Court, Tangipahoa Parish Judge Ernest G. Drake, Jr., Tangipahoa Parish District Attorney Scott M. Perrilloux, Tangipahoa Parish Assistant District Attorney Angel Monistere, and, Tangipahoa Parish Public Defender Tom Frierson were dismissed with prejudice. (Rec. doc. 42). On November 25, 2009, the remaining defendants, properly identified as Officers Matthew Brady, O.B. Melvin, Jr., and Rodney Gemar, filed an Answer (rec. doc. 45), denying plaintiff's claims.

## II. ANALYSIS

On December 22, 2009, a preliminary conference was held in this matter (rec. doc. 47), pursuant to which plaintiff alleged that defendants, Brady, Melvin, and Gemar, without probable cause, drew their guns on him and arrested him in August, 2007. Plaintiff was charged with possession of marijuana and with possession with intent to distribute crack cocaine. According to plaintiff, Officer Melvin planted cocaine on him, then charged him with possession of it. The other defendants, Officers Brady and Gemar, allegedly collaborated with Melvin in planting the drugs on plaintiff.

Plaintiff admitted, at the December 22, 2009 conference, that rather than challenging the allegedly false charges lodged against him by defendants, he pled guilty to the charges. Plaintiff is presently incarcerated in connection with his plea of guilty to the charges stemming from his August, 2007 arrest.

Collins's claims against defendants, Officers Melvin, Brady, and Gemar, must be dismissed under the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the Supreme Court held that a civil action for alleged civil rights violations, which attacks the validity of state confinement that has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id</u>., 512 U.S. at 486-87 (emphasis in original)(footnote omitted).

As discussed above, Collins's claims against these officers arise from his allegations of false arrest, which led to his conviction and imprisonment. Collins's claims are clearly connected to the validity of his conviction and present confinement. <u>Heck</u>, 512 U.S. at 479; <u>Hamilton v. Lyons</u>, 74 F.3d 99, 103 (5th Cir. 1997); <u>Boyd</u>, 31 F.3d at 283.

4

Based on his allegations, neither his conviction nor his current confinement have been set aside in any of the ways described in Heck. Thus, any §1983 claims Collins has against these police officers concerning his continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Cooper v. Quarterman, No. 207-0161, 2008 WL 954159 at *1 (N.D. Tex. Apr. 3, 2008).

Furthermore, Collins, in addition to seeking monetary damages, requests that this Court release him from his current confinement. However, this civil rights proceeding is not appropriate for pursuing that type of relief, which is only available through habeas corpus review. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir. 1997), reh'q en banc granted and opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds and opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986). Collins must pursue his habeas corpus claims and related relief in a properly filed state post-conviction application or federal habeas corpus proceeding, if appropriate. Id.; see Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under §2254 is the exhaustion of all claims

in state court prior to requesting federal collateral relief.") (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Finally, to the extent Collins sought in his amended complaint (rec. doc. 14) a transfer to another facility, this type of relief also is not available under §1983. A prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Taylor v. Jagers, 115 Fed. Appx. 682, 2004 WL 2526373, at *1 (5th Cir. 2004); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Collins's §1983 claims against defendants, O.B. Melvin, Jr., Matthew Brady, and Rodney Gemar, be **DISMISSED WITH PREJUDICE** until such time as the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this <u>2nd</u> day of <u>February</u>, 2010.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE